IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEFFREY LAUREN WRIGHT	PLAINTIFF

VS.	CIVIL ACTION NO.: 4:17-cv-33-DMB-JMV

JACKSON RENTAL PROPERTIES, INC., ET AL.	DEFENDANTS

**Report and Recommendation of Dismissal for Lack of Subject Matter Jurisdiction and Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6)**

This matter is before the court, *sua sponte*, on the motion to proceed *in forma pauperis* [2] filed by the *pro se* Plaintiff Jeffrey Lauren Wright. Having considered the complaint [1] and the motion to proceed *in forma pauperis*, the undersigned recommends that the IFP Motion be denied and the case be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).

**Background**

Plaintiff filed a seventeen-page complaint on a "general complaint" form. *See* [1] at 1. Plaintiff describes the basis for jurisdiction as federal question for violation of his "civil rights." *Id.* at 3. Plaintiff alleges that the incidents occurred January 20, 2017, February 2017 and March 2017. In detailing the facts of his claim, Plaintiff alleges that "The managers of the Jackson Rental Properties Inc., Danita Staples and Willie Jackson, have posted false signs that lie about the apartment building is unfit and have ordered me to move out of the apartment building were [sic] I live and rent." *Id.* at 4. Plaintiff does not allege that he is being forced to move out due to his race, religion, or otherwise. Plaintiff simply alleges that Defendants have ordered him "to move out of the apartment" by "issuing a false notice of unfit building and order to leave the building." *Id.* at 6. On page seven, Plaintiff requests that the court "order Jackson Rental Properties Inc. to accept

payment for the rent and to continue with the rental agreement." *Id.* at 7. He further requests that the court "order the Jackson Rental Properties to turn on to [sic] water supply to the building." *Id.*

On March 16, 2017, the undersigned entered an order to show cause [4] directing the Plaintiff to show cause as to why his case should not be dismissed. The court advised Plaintiff of the requirements to bring a lawsuit in federal court and explained how his complaint fails to meet those requirements. The undersigned gave Plaintiff fourteen (14) days to show a basis for this court to exercise subject matter jurisdiction over this case. Plaintiff returned the acknowledgment of receipt [5], dated March 23, 2017. As of this date, Plaintiff has failed to respond.

## Law and Analysis

Wright has moved to proceed *in forma pauperis* in this matter under 28 U.S.C. § 1915. *See* Motion [2]. While he has shown that he meets the financial prerequisites to proceed IFP, he must also establish that he has stated a claim upon which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir .1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

The court acknowledges its obligation to liberally construe the pleadings of a lay person, like the Plaintiff, when they are proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, "A district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Such dismissal is

appropriate if the plaintiff has notice of the possibility of a ruling on the merits or if the plaintiff has had the opportunity to allege its 'best case.'" *Broyles v. Texas*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009); *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 642 (5th Cir. 2007); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

In light of the Plaintiff's *pro se* status, he was instructed that in order to bring suit in federal court, a case must satisfy the requirements for subject matter jurisdiction. Subject matter jurisdiction can primarily be met in two ways. First, the case brought can arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This first type of subject matter jurisdiction is called "Federal Question Jurisdiction." Second, the case may be brought in federal court if it involves more than $75,000 in controversy and the parties (all plaintiffs and all defendants) are citizens of different states. 28 U.S.C. § 1332. This second type of subject matter jurisdiction is called "Diversity Jurisdiction." The Plaintiff does not, in the body of his form complaint, identify any law of the United States, including a constitutional right, alleged to have been violated by Defendants or any facts in support of such a claim. Further, because the citizenship of the parties is not properly alleged, the court is unable to determine with certainty whether diversity jurisdiction exists. Without either type of subject matter jurisdiction, this court cannot hear Plaintiff's case.

As for the potential of a claim under 28 U.S.C. § 1332, the court notes that the addresses provided for Defendants are all located in Bolivar County, Mississippi, which is also where the Plaintiff is allegedly domiciled. Accordingly, it does not appear that diversity jurisdiction exists. As for the potential of a claim under 28 U.S.C. § 1331, Plaintiff alleges a violation of his "civil rights" on the third page of the complaint. However, there are no facts asserted that relate to a cause of action under Section 1983, or that reveal to the undersigned that this court has subject

matter jurisdiction over Plaintiff's case. "Unless Plaintiff adequately alleges an actual constitutional violation, he has no viable claim under § 1983." *Flemings v. City of Dallas*, 2010 WL 3938377, at *4 (N.D. Tex. Aug. 21, 2010) report and recommendation adopted, 2010 WL 3938378 (N.D. Tex. Oct. 6, 2010).

## Conclusion

Accordingly, the undersigned recommends that Plaintiff's Motion to proceed IFP [2] be denied and this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Procedure for Filing Objections

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 3rd day of April, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE