# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**JEFFREY LAUREN WRIGHT**                                                                 **PLAINTIFF**

**V.**                                                                              **NO. 4:17-CV-33-DMB-JMV**

**JACKSON RENTAL
PROPERTIES, INC., et al.**                                                            **DEFENDANTS**

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden recommending that this case be dismissed. Doc. # 6.

### I
### Background

Wright, invoking federal question jurisdiction, filed his pro se complaint on March 15, 2017.[1] Doc. #1. Wright alleges in his complaint that the defendants—Jackson Rental Properties, Inc., the Department of Community Development, Danita Staples, and Willie Jackson—posted false signs about his apartment's fitness for occupancy and improperly ordered him to move out of his apartment. *Id*. at 4–5. Wright further alleges that the City of Cleveland "participated" in the defendants' wrongful actions. *Id*. at 7. As the jurisdictional basis for his claim, Wright indicates that his suit raises a federal question, asserting that his civil rights were violated. *Id*. at 3. On the same day he filed his complaint, Wright filed a motion to proceed in forma pauperis ("IFP Motion"). Doc. #2.

On March 16, 2017, Judge Virden ordered Wright to show cause within fourteen days why she "should not recommend that the IFP Motion be denied and the case be dismissed with prejudice

---

[1] The Court construes pro se complaints liberally. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. Pro. 12(b)(6)." Doc. #4 at 1. In the show cause order, Judge Virden stated that "[Wright] does not allege that he is being forced to move out due to his race, religion, or otherwise." *Id*. Judge Virden further described the bases for federal jurisdiction and cautioned Wright that if he failed to "identify a violated law of the United States or deprivation of a Constitutional right and some facts to support that claim or identify facts on which the court can [find] diversity jurisdiction to hear this matter," his case would be dismissed. Doc. #4 at 2–4. Wright acknowledged receipt of the show cause order but never responded. Doc. #5.

On April 3, 2017, Judge Virden issued a Report and Recommendation recommending that Wright's IFP Motion be denied and his claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and for failure to state a claim. Doc. #6 at 4. The Report and Recommendation cautioned

> that any … objections [to the Report and Recommendation] are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.

*Id*. at 4. A copy of the Report and Recommendation was mailed to Wright the day it was issued but was returned as undeliverable eight days later.[2]

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the … report and recommendation to which the [parties]

---

[2] On or about November 1, 2017, seven months after the issuance of the Report and Recommendation, Wright filed a notice of change of address. Doc. #7. A copy of the Report and Recommendation was mailed to Wright at his new address on December 11, 2017.

specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1)) (internal citations omitted).

Where, as here, it is not known whether a litigant actually received a report and recommendation, out of an abundance of caution, a court may review the entire report and recommendation de novo. *Draper v. Ott*, No. A-14-CA-945, 2015 WL 11430821, at * 1–2 (W.D. Tex. May 7, 2015). Accordingly, the Court will review de novo the Report and Recommendation.

### III
### Analysis

Because Wright seeks to proceed in forma pauperis, his claims must be analyzed against the backdrop of 28 U.S.C. § 1915. Under § 1915, a court "shall dismiss the case at any time if the court determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As explained above, the Report and Recommendation recommends dismissal on the grounds that the Court lacks jurisdiction over this action and, relatedly, because Wright has not alleged a valid federal claim.

> In federal question cases … where the complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] must entertain the suit. The two exceptions are where the federal question clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) (internal punctuation,

3

quotation marks, and citations omitted) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). The Fifth Circuit has interpreted this rule as applying "only where the plaintiff's claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision." *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981) (internal quotation marks omitted). Of course, even when a claim is sufficient to invoke federal jurisdiction, it may still fail to state a claim for which relief may be granted. *See Michael v. Boutwell*, 138 F.Supp.3d 761, 776 (N.D. Miss. 2015) ("If the claim is non-frivolous (plausible and not foreclosed by Supreme Court precedent), the jurisdictional motion should be treated as a motion under Rule 12(b)(6).").

Of relevance here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any … person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

"There are three elements to establish liability through a Section 1983 action. There must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (internal footnote omitted). For private entities or persons, such as the defendants here, "to be held liable under section 1983, the plaintiff must allege that the [private defendant] conspired with or acted in concert with state actors." *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Construed liberally, Wright's complaint alleges § 1983 claims that the defendants wrongfully evicted him from his apartment and that the City of Cleveland "participated" in the wrongful eviction by issuing false notices. These admittedly conclusory allegations are sufficient to invoke this Court's federal question jurisdiction but fail to state a claim. *See Boutwell*, 138 F.Supp.3d at 778–79 ("As a general matter, where courts have found a claim frivolous based on lack of state action, the court has noted a *complete* lack of allegations regarding state action.")

4

(collecting cases); *Rivera v. Kalafut*, 456 F. App'x 325, 327 (5th Cir. 2011) ("[A]llegations of a conspiracy between private and state actors requires more than conclusory statements.") (quotation marks omitted). Accordingly, the Report and Recommendation [6] is **ADOPTED in Part and REJECTED in Part**. The Report and Recommendation is REJECTED to the extent it recommends this case be dismissed for lack of jurisdiction and is ADOPTED in all other respects, including to the extent it recommends the case be dismissed for failure to state a claim.[3] A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 4th day of January, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] It is unclear whether Wright attempts to assert state law claims in his complaint. To the extent he does, the Court declines to exercise supplemental jurisdiction over such claims.